NO. 07-08-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2009

______________________________


BRYAN THOMAS BLEVINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4301; HONORABLE STEVEN EMMERT, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Bryan Thomas Blevins, was convicted by
a jury of aggravated sexual assault of a child. Punishment was assessed by the trial court
at confinement for life.


 In presenting this appeal, counsel has filed an Anders


 brief in
support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has also demonstrated that he has complied with the requirements of Anders and
In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant thirty days in which to exercise his right to file a response to
counsel’s brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response. 
The State filed a letter acknowledging the Anders brief.
          By the Anders brief, counsel raises four possible points of error and then
demonstrates why no reversible error exists. Counsel’s points are: (1) the trial court erred
by denying Appellant’s motion to suppress; (2) the trial court erred by allowing outcry
testimony of Victoria Hansen, an investigator for Child Protective Services; (3) the trial
court erred by allowing expert witness testimony of Dr. William E. Hoke; and (4) the
evidence was factually insufficient to support the verdict.
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues.



See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record
and counsel’s brief, we agree with counsel that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.